IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA NICOLE CHARLTON,<br><br>        Plaintiff,<br><br>v.<br><br>CARL SANTOS, an individual POLICE OFFICER, JC MORENO, an individual POLICE OFFICER, DAVE HASTINGS, an individual SERGEANT, and the CITY OF TULARE, a municipal Corporation, and Does 1-25,<br><br>        Defendants. | CASE NO.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

        COMES NOW, Plaintiff, BRENDA NICOLE CHARLTON, by and through her attorney of record alleges:

## PRELIMINARY STATEMENT

        1.      This is a civil rights action in which Plaintiff seeks relief for the violation of her rights under 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution against the CITY OF TULARE, local officials, and the CITY OF TULARE Police Officers.

        2.      Jurisdiction is proper pursuant to 28 USC §1331.

        3.      Venue is proper pursuant to 28 USC §1391.

-1-

COMPLAINT

4.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.  The amount in controversy exceeds $100,000.00.

5.    Plaintiff, BRENDA NICOLE CHARLTON, is a citizen of the United States and a resident of Tulare, County of Tulare, State of California.

6.    Defendants, CARL SANTOS, JC MORENO, and DAVE HASTINGS, were at all times relevant herein mentioned police officers employed by Defendant, CITY OF TULARE, and were at all times materially mentioned herein acting within the scope of their employment and under color of state law.

7.    Defendant, DAVE HASTINGS, was at all times relevant herein mentioned, the sergeant and supervisor of Defendants CARL SANTOS and JC MORENO and employed by Defendant, CITY OF TULARE and TPD.

8.    Defendant, CITY OF TULARE, operates the Tulare Police Department ("TPD"), a law enforcement agency, and is a municipality capable of being sued under California law.  The city is the applicable and appropriate claims as to Defendant City of Tulare and the TPD on the doctrines of respondeat superior or vicarious liability, and municipality liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

9.    Plaintiff presented a Claim for Damages pursuant to the State of California Tort Claims Act to the CITY OF TULARE on or about January 22, 2020 alleging these acts.  On or about February 21, 2020, the City of Tulare presented a Notice of Rejection of Claim.

**FACTUAL ALLEGATIONS**

10.    On July 26, 2019, at approximately 4:19 pm, Plaintiff was operating her motor vehicle on West Cross Avenue near its intersection with "E" Street, within the city limits of the CITY OF TULARE.  Plaintiff was on her way to the hospital as her significant other had just been placed in an ambulance and was en route to said hospital.

11.    At the above-mentioned time and place, Defendant, Officer in an unmarked CITY OF TULARE police vehicle, (City of Tulare Gang Unit), pulled up behind Plaintiff's vehicle as it began to travel on West Cross Avenue and turned on the flashing lights of the vehicle.

12.    Plaintiff pulled her vehicle over to the side of road on West Cross Avenue.  She was asked to exit her vehicle by Defendant CARL SANTOS and Plaintiff complied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13.     Defendant CARL SANTOS asked Plaintiff for her license and registration. Plaintiff walked back to her vehicle to retrieve the items requested. She sat in her vehicle while holding the door open with her foot while she retrieved her license and registration.

14.     At some point during the traffic stop, Defendants JC MORENO and DAVE HASTINGS arrived to assist in the detention of Plaintiff.

15.     Defendant CARL SANTOS and JC MORENO, then and there took the following acts:

   a.  Defendant CARL SANTOS rushed from the sidewalk, further opened the vehicle door, yanked Plaintiff out of the vehicle by her left arm and slammed her onto the hot asphalt on her face.

   b.  Defendant JC MORENO helped Defendant CARL SANTOS violently put handcuffs on Plaintiff while she was face down on the hot asphalt.

   c.  Defendants JC MORENO and CARL SANTOS placed Plaintiff in the back of the unmarked vehicle without being told why she was being detained nor receiving any *Miranda* warning.

   d.  Defendants JC MORENO and CARL SANTOS immediately began searching Plaintiff's vehicle.

   e.  Plaintiff was transported to the police station where she was given a Miranda warning while being booked.

   f.  Plaintiff was held over 12 hours until she was cited out and received no medical attention for her injuries during those 12 hours.

   g.  Defendants JC MORENO and CARL SANTOS deprived Plaintiff of her cell phone.

   h.  Defendants JC MORENO and CARL SANTOS recklessly used excessive force in order to cause Plaintiff injury consisting of sprained leg, injury to right knee and arm, dislocated right shoulder, bruised wrists, and causing her to have a miscarriage. Plaintiff had a prior back injury which Defendants JC MORENO and CARL SANTOS exacerbated with their conduct. Claimant suffered severe emotional distress.

   i.  Defendants impounded Plaintiff's vehicle without cause causing her extreme financial hardship.

-3-

COMPLAINT

16.     Defendant DAVE HASTINGS witnessed all of these acts by Defendants JC MORENO and CARL SANTOS and failed to prevent the assault committed by Defendants JC MORENO and CARL SANTOS.

17.     After wrongfully battering Plaintiff and causing her to sustain severe and permanent injury, Defendants JC MORENO, CARL SANTOS and DAVE HASTINGS wrongfully failed to assure that Plaintiff received appropriate medical treatment, and instead brought Plaintiff to the police station of City of Tulare, where Plaintiff was placed in a detention cell.

18.     Plaintiff remained in the police station's cell for 12 hours wherein she was released on a promise to appear for a misdemeanor.

## COUNT I
## 42 USC §1983 (EXCESSIVE FORCE)
### Defendants JC MORENO and CARL SANTOS

19.     All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

20.     Defendants JC MORENO and CARL SANTOS' use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

21.     Wherefore, as a direct and proximate result of said wrongful acts, Plaintiff suffered severe and permanent injury to her person, pain and suffering, disability, mental anguish, humiliation, and other diverse injuries in an amount in excess of $100,000.00 plus punitive damages and attorneys fees and costs.

## COUNT II
## 42 USC §1983 (MONELL)
### Defendant CITY OF TULARE and TPD

22.     All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

23.     Defendant City of Tulare is a California Municipal Corporation which operates, administers, maintains and controls the Tulare Police Department as one of tis executive branches.

//

-4-

COMPLAINT

24.     Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell supra.*

25.     At all times relevant herein, Defendant CITY OF TULARE and TPD had a duty to properly train, supervise, and discipline their employees and agents.

26.     Defendant CITY OF TULARE and TPD breached that duty by:

a.     failing to adequately train the Defendant Officers in proper arrest and detention procedures so as to insure that the Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b.     failing to adequately supervise the Defendant Officers in order to insure that the Defendant Officers did not violate the rights of a citizen to receive adequate medical attention when injured;

c.     failing to investigate allegations of excessive force; and

d.     failing to discipline officers for violations of policy related to excessive force.

27.     The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendants JC MORENO, CARL SANTOS and DAVE HASTINGS and the Defendant CITY OF TULARE and TPD's failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

28.     This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

29.     The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

30.     Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered damages in an amount in excess of one hundred thousand dollars ($100,000.00) plus punitive damages and attorneys fees and costs.

//

-5-

COMPLAINT

1

## COUNT III

2

### 42 USC § 1983 (DUTY TO INTERVENE)

3

#### Defendant DAVE HASTINGS

4
5
        31.    All previous paragraphs are incorporated herein by reference as though fully set
forth in full herein.

6
        32.    Defendants JC MORENO and CARL SANTOS' use of force was excessive.

7
        33.    Defendant DAVE HASTINGS, as sergeant and supervisor of JC MORENO and
CARL SANTOS, had a duty to intervene and protect Plaintiff but failed to do so in violation of

8
*Putman v. Gerloff, 639 F.2d 415 (8th Cir. 1981).*

9
        34.    Wherefore, as a direct and proximate result of Defendant DAVE HASTING's

10
actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

11

## COUNT IV

12

### RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

13

#### Defendants JC MORENO, CARL SANTOS and DAVE HASTINGS

14
        35.    All previous paragraphs are incorporated herein by reference as though fully set
forth in full herein.

15
16
        36.    The failure of Defendants JC MORENO, CARL SANTOS and DAVE
HASTINGS to assure that Plaintiff received medical evaluation and treatment prior to being

17
placed in a detention cell was in violation of Plaintiff's rights under the Fourth and Fourteenth

18
Amendments to the Constitution of the United States to be free from reckless indifference to her

19
serious medical needs.

20
        37.    Wherefore, as a direct and proximate result of Defendant DAVE HASTING's

21
actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

22

## COUNTY V

23

### INTENTIONAL TORTS: ASSAULT, BATTERY, FALSE ARREST, FALSE
### IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24

#### Defendants CARL SANTOS, JC MORENO and DAVE HASTINGS

25
26
        38.    All previous paragraphs are incorporated herein by reference as though fully set
forth in full herein.

27

28

39.     At all times material, Defendants CARL SANTOS, JC MORENO and DAVE HASTINGS were on duty and a uniformed City of Tulare police officers and were acting in the scope of their employment by Defendant CITY OF TULARE and TPD, as police officers.

40.     All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

41.     The actions of the individual Defendants were willful, malicious and in violation of the known rights of Plaintiff.

42.     Defendants CARL SANTOS and JC MORENO committed assault and battery upon Plaintiff when they forcefully removed her from her vehicle, forced her to the ground, kneeled and punched Plaintiff and placed handcuffs on her.

43.     Defendants CARL SANTOS, JC MORENO and DAVE HASTINGS, without probable cause or articulated suspicion falsely imprisoned Plaintiff in a squad car while they searched her vehicle. Plaintiff's false imprisonment continued as Defendants transported Plaintiff to the Tulare County Jail.

44.     At all times, Plaintiff knew she was imprisoned by Defendants.

45.     Defendants' conduct was intentional and done through the assertion of legal authority over Plaintiff.

46.     Defendants' extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

47.     Wherefore as a direct and proximate result of Defendant Officer acts as described herein, Plaintiff suffered severe and permanent injury to her person, pain and suffering, disability, mental anguish, humiliation, and other diverse injuries in an amount in excess of $100,000.00 plus punitive damages and attorneys fees and costs.

## COUNT VI
## NEGLIGENCE: NEGLIGENT HIRING, NEGLIGENT RENTENTION, NEGLIGENT SUPERVISION, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Against CITY OF TULARE and TPD

48.     All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

49.     Defendant CITY OF TULARE and TPD owed a duty of care to Plaintiff to exercise reasonable care in hiring, retaining, and supervising its employees.

-7-

50.     Defendant CITY OF TULARE and TPD knew or should have known of Defendants JC MORENO and CARL SANTOS dangerous character based on prior complaints of excessive force violations and/or background checks including psychological evaluations.

51.     Defendant CITY OF TULARE and TPD breached their duty of care to Plaintiff by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiff.

52.     Defendant DAVE HASTINGS is a superior officer to Defendant JC MORENO and CARL SANTOS. Defendant DAVE HASTINGS owed Plaintiff a duty of care to properly supervise Defendants JC MORENO and CARL SANTOS.

53.     Defendant DAVE HASTINGS breached his duty of care by not properly supervising Defendants JC MORENO and CARL SANTOS in the incident with Plaintiff.

54.     As a result of Defendants' negligent acts, Plaintiff reasonably feared for her safety and has suffered severe emotional distress.

55.     Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT VII
## CLAIM FOR GROSS NEGLIGENCE OR WILLFULL AND WANTON MISCONDUCT
### Against All Defendants

56.     Plaintiff re-alleges the allegations in paragraphs 1-27 of this Complaint as the allegations of this Count Five, as fully set forth.

57.     At all times material, Defendants JC MORENO, CARL SANTOS and DAVE HASTINGS, individually and as an agent, servant, and employee of Defendant CITY OF TULARE and TPD, had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

58.     In breach of this duty, Defendants JC MORENO, CARL SANTOS and DAVE HASTINGS were guilty of one or ore of the following grossly negligent and/or willful wanton acts or omissions to act, in that Defendants JC MORENO, CARL SANTOS and DAVE HASTINGS:

    a.   Willfully and wantonly or with gross negligence yanked Plaintiff out of the vehicle by her left arm, and slammed her onto the hot asphalt on her face without

-8-

COMPLAINT

cause or provocation, although Defendant Officer knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

b. Willfully and wantonly or with gross negligence violently put handcuffs on Plaintiff while she was face down on the hot asphalt although Defendant Officer knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

c. Willfully and wantonly or with gross negligence forcefully placed Plaintiff in the back of the unmarked vehicle although Defendant Officer knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

d. Willfully and wantonly or with gross negligence used excessive force in order to cause Plaintiff injury Defendant Officer knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff; and

e. Willfully and wantonly or with gross negligence or recklessly placed Plaintiff in a detention cell first without having Plaintiff examined and treated by a physician for the severe injuries sustained by Plaintiff as a result of Plaintiff's battery by Defendant Officer, although Defendant Officer knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff.

f. As a direct and proximate result of one or more of Defendant Officer wrongful acts or omissions to act, Plaintiff sustained severe and permanent injury to Plaintiff's person, pain and suffering, disability, mental anguish, humiliation and other diverse injuries.

59. Wherefore as a direct and proximate result of Defendants acts as described herein, Plaintiff suffered severe and permanent injury to her person, pain and suffering, disability, mental anguish, humiliation, and other diverse injuries in an amount in excess of $100,000.00 plus punitive damages and attorneys fees and costs.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, and grant the following:

COMPLAINT

1.      Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate her for the violation of his Fourth Amendment rights and rights under California state law;

2.      Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:

        a.      Retaliating against Plaintiff or his family for bringing this lawsuit; and

        b.      Subjecting Plaintiff to excessive force in the future.

3. Order Defendants to pay punitive and other exemplary damages;

4.      Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. §1988; pre-judgement interest and any other relief deemed necessary and proper;

5.      Grant such further and other relief to which Plaintiff may be entitled and the Court deems proper.


RESPECTFULLY SUBMITTED,

_____   8/14/2020

RYAN P. SULLIVAN,
Attorney Bar No. 54658
ryan@sullilaw.com
Sullivan and Sullivan Law Corp.
505 North West Street
Visalia, CA 93291
559-741-2860

/

-10-

COMPLAINT